OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
TONY LOPRESTI, State Bar #289269
KAVITA NARAYAN, State Bar #264191
MEREDITH A. JOHNSON, State Bar #291018
RAPHAEL N. RAJENDRA, State Bar #255096
LAURA S. TRICE, State Bar #284837
HANNAH M. GODBEY, State Bar #334475
TAYRYN A. EDWARDS, State Bar #344959
70 West Hedding Street, East Wing, Ninth Floor
San José, California  95110-1770
Telephone: (408) 299-5900
Facsimile:  (408) 292-7240
E-Mail: Tony.LoPresti@cco.sccgov.org
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Laura.Trice@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org
Tayryn.Edwards@cco.sccgov.org

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

| | |
|---|---|
| **County of Santa Clara**,<br><br>    Plaintiff,<br><br>    v.<br><br>**Donald J. Trump**, et al.,<br><br>    Defendants. | No. 5:25-cv-00981-EKL<br><br>**PLAINTIFF'S MOTION TO SHORTEN TIME AND ESTABLISH EXPEDITED BRIEFING AND HEARING SCHEDULE FOR PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

Pursuant to Civil Local Rule 6-3, Plaintiff County of Santa Clara requests that this Court expedite briefing and a hearing on Plaintiff's Motion for a Preliminary Injunction [ECF No. 17] ("Motion") so that a hearing is held on or before February 19, 2025.  Specifically, Plaintiff proposes the following schedule for briefing and consideration of Plaintiff's Motion:

1.  Defendants must file an opposition, if any, by February 12, 2025 at 5:00 p.m.

2.  Plaintiff must file a reply in support, if any, by February 14, 2025 at 5:00 p.m.

3.  The Court will hold a hearing on the Motion on or before February 19, 2025.

Counsel for Plaintiff met and conferred with counsel for Defendants to discuss the instant motion and the schedule herein proposed.  Defendants oppose this motion and do not stipulate to the proposed schedule.  Declaration of Raphael N. Rajendra ("Rajendra Decl.") ¶ 12.

## BACKGROUND

Plaintiff's Motion seeks a preliminary injunction prohibiting Defendants from implementing or enforcing Executive Order No. 14,160 of January 20, 2025, 90 Fed. Reg. 8,449 (Jan. 29, 2025) ("Order"), which is entitled "Protecting the Meaning and Value of American Citizenship."  The Order establishes a purported federal "policy" under which Defendants must refuse to issue or acknowledge documentation of citizenship to persons born in the United States if neither of their biological parents is a United States citizen or lawful permanent resident.  The Order directs Defendants to apply this policy to all children born on or after February 20, 2025—that is, after 30 days after issuance of the Order—and directs Defendants to develop and issue public guidance before that date regarding implementation of the Order.  As set forth in the Declaration of Raphael Rajendra filed herewith and in Plaintiff's Motion for Preliminary Injunction, implementation of the Order on and after February 20, 2025 will impose on Plaintiff irreparable harms well beyond even those irreparable harms it has already caused.

## DISCUSSION

The Order itself establishes a timeframe for implementation of its purported "policy" that is incompatible with the default 35-day schedule established by this Court's Local Rules for motions for preliminary injunctions.  See Civ. L.R. 7-2(a); Civ. L.R. 65-2.  That default schedule would result in a hearing no earlier than March 12, 2025—which is more than three weeks after the Order directs

1

Pl.'s Motion to Shorten Time and Establish Expedited Briefing and Hearing Schedule        Case No. 5:25cv981-EKL
on Pl.'s Motion for Preliminary Injunction

Defendants to apply its purported policy to newborn children. Rajendra Decl. ¶ 6, 8. In that three-week gap, untold numbers of children will be born who are subject to the Order's asserted policy, including in Santa Clara County or to families with ties to Santa Clara County. Each day the Order is in effect will result in ever greater irreparable harms to Plaintiff and hardship to Plaintiff and the public interest. Therefore, Plaintiff would be substantially harmed and prejudiced if the Court did not shorten the time to hear the Motion. Rajendra Decl. ¶¶ 7-8.

To be sure, the Order is currently subject to pending litigation and provisional relief. Plaintiff is mindful of this pending litigation and does not lightly propose to impose on this Court's schedule. Specifically, on February 5, 2025, the United States District Court for the District of Maryland issued a preliminary injunction prohibiting Defendants from implementing the Order anywhere in the United States, and the next day the United States District Court for the Western District of Washington issued a preliminary injunction with the same prohibition. *CASA, Inc. v. Trump*, --- F. Supp. 3d ---, 2025 WL 408636, at **17-18 (D. Md. Feb. 5, 2025); *Washington v. Trump*, No. C25-0127-JCC, ECF No. 114, slip op. at 13 (W.D. Wash. Feb. 6, 2025). Other district courts have also scheduled hearings on motions to preliminarily enjoin the Order, including one case in which the State of California is a plaintiff. *New Jersey v. Trump*, No. 1:25-cv-10139, ECF No. 71 (D. Mass. filed Jan. 24, 2025) (scheduling order setting motion hearing for February 7, 2025); *New Hampshire Indonesian Community Support v. Trump*, No. 1:25-cv-00038-JL-TSM, "NOTICE re: 24 MOTION for Preliminary Injunction" (D.N.H. filed Jan. 23, 2025) (scheduling order setting motion hearing for February 10, 2025). It is in the light of these existing nationwide orders and forthcoming hearings that Plaintiff has not, at this time, sought temporary relief from this Court under Federal Rule of Civil Procedure 65(b) and Local Civil Rule 65-1. Rajendra Decl. ¶ 9; *see id.* at ¶ 10.

But the preliminary injunctions entered by the district courts in Maryland and Washington—and any such injunctions that other courts may issue—are, by their very nature, temporary; and the County of Santa Clara cannot rely on litigation brought by others in other jurisdictions to protect its own financial, operational, administrative, and proprietary interests. Rajendra Decl. ¶ 10. Indeed, the district court in *Washington* held that the plaintiffs in that case "have demonstrated the likelihood of irreparable harm," *Washington*, ECF No. 114, slip op. at 10-11, *even though* the Order had

2

Pl.'s Motion to Shorten Time and Establish Expedited Briefing and Hearing Schedule    Case No. 5:25cv981-EKL
on Pl.'s Motion for Preliminary Injunction

1  *already* been preliminarily enjoined on a nationwide basis in the *CASA* case.

2  It is not uncommon for courts to preliminarily enjoin administrative actions to ensure adequate relief even when the action at issue has already been preliminarily enjoined by other courts. *See, e.g.*, *Texas v. Brooks-LaSure*, No. 6:21-CV-00191, 2021 WL 5154219, at *13 (E.D. Tex. Aug. 20, 2021) ("Even were the regulatory stay by the Board fully effective, the court also agrees with its sister court in another district that the existence of a stay by another reviewing tribunal does not prevent a finding of irreparable harm absent an injunction: 'Defendants argue that Plaintiffs have not shown that irreparable harm is imminent, or even likely, given the preliminary injunction recently issued in [another case]. . . . Defendants cite no authority for the proposition that Plaintiffs cannot establish irreparable harm simply because another court has already enjoined the same challenged action.'") (quoting *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401, 435 (E.D.N.Y. 2018), *vacated on other grounds sub nom.*, *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1 (2020)); *see also City & Cnty. of San Francisco v. USCIS*, 408 F. Supp. 3d 1057, 1130-31 (N.D. Cal. 2019) (enjoining application of agency rule to persons in San Francisco and Santa Clara County and separately to persons anywhere in California), *aff'd*, 981 F.3d 742 (9th Cir. 2020); *City & Cnty. of San Francisco v. USCIS*, 944 F.3d 773, 788 (9th Cir. 2019) (government's challenge to district court injunctions of agency action was not moot even though "contemporaneous with the district courts' orders here, district courts in Maryland and New York also issued nationwide injunctions" that prohibited government from implementing very same agency action), *superseded on other grounds*, 981 F.3d 742, 754 (9th Cir. 2020).

3  Moreover, Plaintiff faces a meaningful risk that further developments in the other litigations could enable Defendants to implement the Order in ways that would directly and irreparably harm Plaintiff. This is especially so in light of the arguments Defendants have made in each of the pending cases that "nationwide relief would be improper" and any temporary relief or preliminary injunction against the Order must be limited to the plaintiffs in those cases. *See* Defs.' Opp'n to Pls.' Mots. for Prelim. Inj., ECF No. 84, at 57-58, *Washington v. Trump*, No. C25-0127-JCC (W.D. Wash. filed Jan. 31, 2025) ("Gov't's Opp'n in *Washington*"); Defs.' Opp'n to Pls.' Mot. for TRO and Prelim. Inj., ECF No. 40, at 29-30, *CASA, Inc. v. Trump*, No. 8:25-cv-00201-DLB (D. Md. filed

3

Jan. 31, 2025); Defs.' Mem. Law in Opp'n to Pls.' Mots. for Prelim. Inj., ECF No. 92, at 38-39, *New Jersey v. Trump*, No. 1:25-cv-10139 (D. Mass. filed Jan. 31, 2025); Defs.' Mem. of Law in Obj. to Pls.' Mot. for Prelim. Inj., ECF No. 58-1, at 30, *New Hampshire Indonesian Community Support v. Trump*, No. 1:25-cv-00038-JL-TSM (D.N.H. filed Jan. 31, 2025); *see also* Rajendra Decl. ¶ 10.

Regardless of how proceedings in those other cases unfold, they do demonstrate that Defendants are well prepared to respond to Plaintiff's Motion for Preliminary Injunction, inasmuch as they have already filed at least four briefs on expedited briefing schedules that address the constitutionality of the Order as well as matters such as plaintiffs' standing to pursue relief, the scope of any relief to be granted, and the other factors courts consider when deciding whether to grant preliminary injunctions. (Indeed, when compared to the briefing schedules in the other cases, Plaintiff's proposed schedule primarily cuts down on *Plaintiff*'s time to prepare a reply brief rather than on Defendants' time to prepare a brief in opposition.)

The primary underlying issue presented in this case, and in Plaintiff's Motion for Preliminary Injunction, is whether the Order itself, and Defendants' implementation and enforcement of it, violates the Citizenship Clause of the Fourteenth Amendment, the Constitution's Separation of Powers principles, and the Immigration and Nationality Act (INA). Plaintiff's motion contends, primarily, that the Order is fundamentally and entirely at odds with the Citizenship Clause of the Fourteenth Amendment, which provides: "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." U.S. Const. amend. XIV, § 1. It further contends that the Order violates Separation of Powers principles, because *even if* the Citizenship Clause left the elected branches any room to redefine "subject to the jurisdiction thereof," doing so would be an exercise of *legislative* power the President simply does not possess. And finally, it contends that the Order violates the INA because that act echoes the Citizenship Clause's language and thereby imports what was in 1952 (and remains today) the clearly established meaning of the phrase "subject to the jurisdiction thereof." Pl.'s Mot. for Prelim. Inj. at 3-11; *see* Rajendra Decl. ¶ 11.

The Order itself seems to contend that people in the United States who are neither citizens nor lawful permanent residents are not "subject to the jurisdiction" of the United States; that their

4

Pl.'s Motion to Shorten Time and Establish Expedited Briefing and Hearing Schedule      Case No. 5:25cv981-EKL
on Pl.'s Motion for Preliminary Injunction

exclusion from that phrase passes by blood to their biological children born in the United States; and, therefore, that those children are excluded from the Citizenship Clause's guarantee of birthright citizenship. Order §§ 1, 4. Defendants' briefing in the other pending cases has relied on similar points to defend the Order's legality. *E.g.*, Gov't's Opp'n in *Washington* at 30-53. Plaintiff, by contrast, takes the position that the phrase "subject to the jurisdiction thereof" definitively and unambiguously excludes from birthright citizenship only those persons who are born within the geographical confines of the United States but who are exempted from the generally applicable laws of the United States under ancient and fundamental common law principles well known and relied upon by the Fourteenth Amendment's framers. Pl.'s Mot. for Prelim. Inj. at 3-11. Plaintiff's motion describes the several bases for Plaintiff's standing. *Id.* at 11-19, 23-24. In the other pending cases, Defendants have argued that the plaintiffs there lack standing to pursue this litigation. *E.g.*, Gov't's Opp'n in *Washington* at 20-26; *see* Rajendra Decl. ¶ 11.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court shorten the time and establish the expedited schedule set forth above for briefing and a hearing on Plaintiff's pending Motion for Preliminary Injunction.

Dated: February 6, 2025

Respectfully submitted,

TONY LOPRESTI
COUNTY COUNSEL

By: /s/ Raphael N. Rajendra
RAPHAEL N. RAJENDRA

KAVITA NARAYAN
MEREDITH A. JOHNSON
LAURA S. TRICE
HANNAH M. GODBEY
TAYRYN A. EDWARDS

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

3202901

5

Pl.'s Motion to Shorten Time and Establish Expedited Briefing and Hearing Schedule   Case No. 5:25cv981-EKL
on Pl.'s Motion for Preliminary Injunction