OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
TONY LOPRESTI, State Bar #289269
KAVITA NARAYAN, State Bar #264191
MEREDITH A. JOHNSON, State Bar #291018
RAPHAEL N. RAJENDRA, State Bar #255096
LAURA S. TRICE, State Bar #284837
HANNAH M. GODBEY, State Bar #334475
TAYRYN A. EDWARDS, State Bar #344959
70 West Hedding Street, East Wing, Ninth Floor
San José, California  95110-1770
Telephone: (408) 299-5900
Facsimile:  (408) 292-7240
E-Mail:    Tony.LoPresti@cco.sccgov.org
           Kavita.Narayan@cco.sccgov.org
           Meredith.Johnson@cco.sccgov.org
           Raphael.Rajendra@cco.sccgov.org
           Laura.Trice@cco.sccgov.org
           Hannah.Godbey@cco.sccgov.org
           Tayryn.Edwards@cco.sccgov.org

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

| | |
|---|---|
| **County of Santa Clara**, <br><br> Plaintiff, <br><br> v. <br><br> **Donald J. Trump**, et al., <br><br> Defendants. | No. 5:25-cv-00981-EKL <br><br> **DECLARATION OF RAPHAEL N. RAJENDRA IN SUPPORT OF MOTION TO SHORTEN TIME AND ESTABLISH EXPEDITED BRIEFING AND HEARING SCHEDULE FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

**DECLARATION OF RAPHAEL N. RAJENDRA**

I, RAPHAEL N. RAJENDRA, declare:

1.   I am over the age of 18.  I am a resident of the State of California.  I know the facts herein stated of my own personal knowledge and if called upon to do so, I could and would competently testify to them under oath.

2.   I am employed by the Office of the County Counsel for the County of Santa Clara in the position of Deputy County Counsel.  I am one of the attorneys assigned to represent Plaintiff in

1  the above-captioned action, and I entered my appearance in this case on January 30, 2025. ECF
2  No. 4. I make this declaration in support of Plaintiff's Motion to Shorten Time and Establish
3  Expedited Briefing and Hearing Schedule for Plaintiff's Motion for Preliminary Injunction ("Motion
4  to Shorten Time").

5    3.   No time modifications have previously been made in this case, either by stipulation or
6  Court order. If granted, the time modification Plaintiff requests would accelerate consideration and
7  disposition of Plaintiff's Motion for Preliminary Injunction; but, to the best of Plaintiff's
8  understanding, the modification would have no effect on any other aspect of the schedule already set
9  in this case, which currently consists of an Initial Case Management Conference set for May 7, 2025.
10 ECF No. 15.

11   4.   On February 5, 2025, Plaintiff filed a Motion for Preliminary Injunction and
12 Memorandum of Points and Authorities ("Motion for Preliminary Injunction"), ECF No. 17, that
13 seeks an Order from this Court preliminarily enjoining Defendants from implementing or enforcing
14 Executive Order No. 14,160 of January 20, 2025, 90 Fed. Reg. 8,449 (Jan. 29, 2025) ("Order"),
15 which is entitled "Protecting the Meaning and Value of American Citizenship."

16   5.   The Order establishes a purported federal "policy" under which Defendants must
17 refuse to issue or acknowledge documentation of citizenship to children born in the United States if
18 neither of their biological parents is a United States citizen or lawful permanent resident. Order
19 § 2(a).

20   6.   The Order directs Defendants to apply this policy to all children born on or after
21 February 20, 2025 (that is, after 30 days after issuance of the Order) and to develop and issue public
22 guidance before that date regarding implementation of the Order. Order §§ 2(b), 3(b). The Order
23 also directs four of the Defendants "to ensure that the regulations and policies of their respective
24 departments and agencies are consistent with this order" and ensure their agencies' personnel act
25 consistent with the order. Order § 3(a).

26   7.   Plaintiff is already irreparably harmed by the Order, and stands to face substantially
27 more irreparable harm if the Order goes into effect for even one day. The factual and legal bases for
28 these harms are described in Plaintiff's Motion for Preliminary Injunction, including at pages 2, 11-

19, and 23-24 thereof, as well as the declarations filed in support of Plaintiff's Motion, ECF Nos. 18-20. Implementation of the Order would also undermine the interests of the public, including for the reasons set forth at pages 19-23 of Plaintiff's Motion for Preliminary Injunction and the declarations filed therewith.

8. Under the scheduled established by this Court's Local Rules for motions for preliminary injunctions, Plaintiff's Motion for Preliminary Injunction will be heard no earlier than March 12, 2025 because that date is 35 days after Plaintiff filed that Motion. *See* Civ. L.R. 7-2(a); Civ. L.R. 65-2. However, March 12, 2025 is also 20 days after February 20, 2025, which is the date the Order directs Defendants to apply its purported policy to newborn children—which, in turn, will cause further irreparable harm to Plaintiff. This mismatch between the schedule set by the Order itself and the schedule established under Local Rule 7-2(a) is why the default schedule under Local Rule 7-2(a) is inadequate to protect Plaintiff's cognizable interests, and also why Plaintiff would be prejudiced and suffer substantial harm if the Court did not change the schedule for briefing and hearing on Plaintiff's Motion for Preliminary Injunction.

9. Plaintiff is aware of four other federal district courts, aside from the Northern District of California, in which are pending challenges to the Order's legality and requests to enjoin the Order's implementation and enforcement. To date two of those district courts have issued orders that, on a nationwide basis, preliminarily enjoin various officers and agencies of the United States from implementing or enforcing the Order. The two other district courts have scheduled hearings for February 7 and February 10 on the preliminary injunctions pending before them. Those preliminary injunction orders and scheduling orders are cited on page 2 of Plaintiff's Motion to Shorten Time and Establish an Expedited Briefing and Hearing Schedule. It is in the light of these existing nationwide orders and forthcoming hearings that Plaintiff has not, at this time, sought a temporary restraining order against Defendants.

10. However, the County of Santa Clara cannot rely on litigation brought by others in other jurisdictions to protect its own financial, operational, administrative, and proprietary interests, particularly because those other preliminary injunction orders are, by their very nature, temporary, and because Defendants have consistently argued that it would be improper for a district court to

preliminarily enjoin implementation and enforcement of the Order on a nationwide basis. Although Defendants have not yet sought to challenge, stay, or narrow the nationwide scope of the preliminary injunctions already issued, it is entirely possible that they will do so, and Plaintiff must take steps now, and promptly, to ensure its interests will be protected even if the existing preliminary injunctions are narrowed, lifted, or dissolved. Indeed, as set out in Plaintiff's Motion to Shorten Time, as a legal matter, the existence of other preliminary injunctions does not lessen the irreparability of the harm Plaintiff is suffering and will suffer absent an injunction from this Court.

11. There are several matters at issue in this case that would be addressed in Plaintiff's Motion for Preliminary Injunction. Based on Defendants' briefing in other cases addressing the executive order, Plaintiff's current expectation is that Plaintiff's Motion will present two primary issues for the Court's consideration:

a. *First*, the Motion challenges the legality of the Order itself and Defendants' implementation and enforcement of the Order. As further set out in Plaintiff's Motion for Preliminary Injunction and summarized in Plaintiff's Motion to Shorten Time, Plaintiff contends that the Order and its implementation and enforcement violate the Citizenship Clause of the Fourteenth Amendment; constitutional Separation of Powers principles; and the Immigration and Nationality Act. The Order itself seems to contend that people in the United States who are neither citizens nor lawful permanent residents are not "subject to the jurisdiction" of the United States; that their exclusion from that phrase passes by blood to their biological children born in the United States; and, therefore, that those children are excluded from the Citizenship Clause's guarantee of birthright citizenship. Order §§ 1, 4. As reflected in the documents cited in Plaintiff's Motion to Shorten Time, Defendants' briefing in the other pending cases has relied on similar points to defend the legality of the Order and its implementation and enforcement. Plaintiff, by contrast, takes the position that the phrase "subject to the jurisdiction thereof" definitively and unambiguously excludes from birthright citizenship only those persons who are born within the geographical confines of the United States but who are exempted from the generally applicable laws of the United States under ancient and fundamental common law principles well known and relied upon by the Fourteenth Amendment's framers.

        b.      *Second*, Plaintiff's Motion for Preliminary Injunction describes factual and legal bases upon which Plaintiff has standing to pursue this action and that also demonstrate the irreparability of the financial, administrative, operational, and other harms Plaintiff would suffer absent an injunction from this Court. Defendants' briefing in the other pending cases has challenged the standing of the plaintiffs in those actions and the irreparability of the harm those plaintiffs claim to suffer. In response to Plaintiff's Motion for Preliminary Injunction, Defendants may well challenge Plaintiff's standing and the irreparability of the harms it asserts.

        c.      Resolution of Plaintiff's Motion for Preliminary Injunction may also present for the Court's consideration other matters, including the appropriate scope of any preliminary injunction the Court may issue.

12. On February 5, 2025, I met and conferred by telephone with Brad D. Rosenberg, counsel for the Defendants, regarding the briefing and hearing schedule now proposed in Plaintiff's Motion to Shorten Time and Establish Expedited Briefing and Hearing Schedule. During that telephone call I proposed that schedule and asked whether Defendants would stipulate to it. Mr. Rosenberg stated that Defendants do not agree to the proposed schedule and would oppose Plaintiff's request that the Court enter such a schedule.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 6, 2025 at Berkeley, California.

                              /s/ Raphael N. Rajendra
                              RAPHAEL N. RAJENDRA

3202902