YAAKOV M. ROTH
Acting Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
BRAD P. ROSENBERG
Special Counsel
R. CHARLIE MERRITT
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 598-3869
yuri.s.fuchs@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| COUNTY OF SANTA CLARA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 5:25-cv-00981-EKL<br><br>**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE** |

# INTRODUCTION

Pursuant to this Court's February 21, 2025 Order, ECF No. 33, ordering the parties to show cause as to why this action should not be stayed, Defendants submit this brief response to note their position that the case should be stayed so long as the preliminary injunction entered in *New Jersey v. Trump*, No. 1:25-cv-10139-LTS (D. Mass.), remains in effect. The State of California is a plaintiff in that case and has obtained injunctive relief against Executive Order No. 14160, which is challenged in this case. Given the significant similarity between the claims of Plaintiff County of Santa Clara and the State of California as well as their overlapping geography, Plaintiff does not currently face the risk of irreparable harm absent an injunction and a stay will conserve judicial resources.

Although the injunction in *Washington v. Trump*, No. 2:25-cv-127-JCC (W.D. Wash.) ("*Washington v. Trump*"), remains in effect, the government will be filing a petition for en banc review of the denial of the government's partial stay motion shortly. Nonetheless, a stay will conserve this Court's judicial resources in not having to adjudicate Plaintiff's pending motion for a preliminary injunction. Indeed, an immediate decision by this Court is not necessary. That a stay is warranted is highlighted by the fact that other courts addressing challenges to Executive Order No. 14160 have stayed proceedings in those cases. For these reasons and those discussed further herein, Defendants respectfully submit that a stay of proceedings is warranted in this action as well.

# BACKGROUND

On January 20, 2025, President Donald J. Trump issued an Executive Order addressing what it means to be "subject to the jurisdiction" of the United States. *See* Exec. Order No. 14160, Protecting the Meaning and Value of American Citizenship ("EO"). The EO was soon challenged in a variety of lawsuits filed within a few days of its issuance. *See, e.g.*, ECF No. 1, *Washington v. Trump*, C25-0127-JCC (W.D. Wash. Jan. 21, 2025); ECF No. 1, *New Jersey v. Trump*, 1:25-cv-10139-LTS (D. Mass. Jan. 21, 2025); ECF No. 1, *New Hampshire Indonesian Community Support v. Trump*, 1:25-cv-38-JL-TSM (D.N.H. Jan. 20, 2025); ECF No. 1, *CASA, Inc. v. Trump*, 8:25-cv-201-DLB (D. Md. Jan. 21, 2025). On January 23, 2025, the court in *Washington v. Trump* granted

a temporary restraining order precluding the EO's implementation and enforcement on a nationwide basis. ECF No. 43, *Washington v. Trump*, C25-0127-JCC (W.D. Wash. Jan. 23, 2025). Shortly thereafter, Defendants and the plaintiffs in *Washington v. Trump* and in five other cases completed briefing on motions seeking to preliminarily enjoin the EO. *See* ECF No. 56, *Washington v. Trump*, C25-0127-JCC (W.D. Wash. Jan. 27, 2025); ECF Nos. 60 & 71, *New Jersey v. Trump*, 1:25-cv-10139-LTS (D. Mass. Jan. 24, 2025); ECF No. 12, *Doe v. Trump*, 1:25-cv-10135-LTS (D. Mass. Jan. 24, 2025); ECF No. 41, *New Hampshire Indonesian Community Support v. Trump*, 1:25-cv-38-JL-TSM (D.N.H. Jan. 23, 2025); ECF No. 17, *CASA, Inc. v. Trump*, 8:25-cv-201-DLB (D. Md. Jan. 23, 2025). On January 31, 2025, Plaintiff County of Santa Clara filed its lawsuit but had not yet moved for a preliminary injunction. *See generally* Compl., ECF No. 1.

The following week, two district courts entered preliminary injunctions enjoining implementation and enforcement of the EO in its entirety on a nationwide basis. *See Washington v. Trump*, C25-0127-JCC, 2025 WL 415165 (W.D. Wash. Feb. 6, 2025); *CASA, Inc. v. Trump*, 8:25-cv-201-DLB, 2025 WL 408636 (D. Md. Feb. 5, 2025). Shortly thereafter, a third district court—at the behest of several State plaintiffs, including California—issued a nationwide injunction enjoining implementation and enforcement of the EO, *see* ECF No. 144, *New Jersey v. Trump*, 1:25-cv-10139-LTS (D. Mass. Feb. 13, 2025), and then a fourth district court issued a narrower injunction against the EO, ECF No. 77, *New Hampshire Indonesian Community Support v. Trump*, 1:25-cv-38-JL-TSM (D.N.H. Feb. 10, 2025). On the same day that the *CASA, Inc. v. Trump* court entered its nationwide injunction, Plaintiff here moved for a preliminary injunction and subsequently sought an expedited briefing schedule. *See* ECF Nos. 17, 24. Briefing on Plaintiff's motion for preliminary injunction thereafter went forward and concluded on February 19, 2025. *See* ECF Nos. 29, 32.

During the parties' briefing in this case, on February 6, 2025, the government noticed its appeal of the preliminary injunction entered in *Washington v. Trump* to the United States Court of Appeals for the Ninth Circuit and moved to partially stay the preliminary injunction a day later. ECF Nos. 116, 122, *Washington v. Trump*, C25-0127-JCC (W.D. Wash.). In the Ninth Circuit, the

government then filed an emergency motion for a partial stay of the preliminary injunction in *Washington v. Trump* pending appeal. ECF No. 21, *Washington v. Trump*, No. 25-807 (9th Cir. Feb. 12, 2025). That emergency motion for a partial stay was subsequently denied by the Ninth Circuit on February 19, 2025. *Washington v. Trump,* No. 25-807, 2025 WL 553485 (9th Cir. Feb. 19, 2025).[1] The Ninth Circuit set *Washington v. Trump* for argument in June 2025. *Id.* at *1.

In the meantime, the issuance of the *Washington v. Trump* preliminary injunction has prompted at least two district courts to stay proceedings against the EO. In *Washington v. Trump* itself, the court *sua sponte* stayed proceedings pending the government's appeal of the preliminary injunction. ECF No. 118, *Washington v. Trump*, C25-0127-JCC (W.D. Wash. Feb. 7, 2025). Meanwhile, in a separate individual action challenging the EO, a court has stayed proceedings because of the nationwide preliminary injunctions issued against the EO, including the *Washington v. Trump* preliminary injunction. ECF No. 19, *Thien Le v. Trump*, 8:25-cv-00104-MEMF-ADS (C.D. Cal. Feb. 18, 2025); *see also* ECF No. 15, *Thien Le v. Trump*, 8:25-cv-00104-MEMF-ADS (C.D. Cal. Jan. 24, 2025) (previously staying the case in light of the temporary restraining order issued in *Washington v. Trump*).

As relevant to this response, the Court ordered the parties to show cause as to why this action should not be stayed on February 21, 2025. ECF No. 33. This response now follows.

## ARGUMENT

This Court should stay proceedings in the instant case given the lack of immediate harm to Plaintiff and for the sake of judicial resources. Here, a California County seeks preliminary injunctive relief despite the existence of an injunction against the EO already issued to the State of

---

[1] The district court in *Washington v. Trump* terminated the motion to stay pending before it as moot following the Ninth Circuit's decision. *Washington v. Trump*, C25-0127-JCC, (W.D. Wash. Feb. 24, 2025). The government separately moved to stay the nationwide injunction in the *CASA* action, which was denied by the district court there on February 18, 2025. *CASA, Inc. v. Trump*, 8:25-cv-201-DLB, 2025 WL 545840 (D. Md. Feb. 18, 2025). The government also moved for a partial stay of the preliminary injunction in *CASA* pending appeal, which was denied by the Fourth Circuit on February 28, 2025. *See CASA, Inc. v. Trump*, No. 25-1153 (4th Cir. Feb. 28, 2025). The government has moved to stay the nationwide injunction in the *State of New Jersey* action, which currently remains pending. *See* ECF No. 158, *New Jersey v. Trump*, 1:25-cv-10139-LTS (D. Mass. Feb. 19, 2025).

California by another court. Thus, the existence of the injunction in the *State of New Jersey* action running in favor of the State of California means that Plaintiff, a California County, cannot show that it will likely be irreparably harmed absent its own preliminary relief.

Conservation of judicial resources also counsels in favor of a stay of proceedings because the Ninth Circuit's decision in *Washington v. Trump*, regardless of whether the injunction is stayed pending appeal, will resolve the primary issues in this case. The "primary" issue that Plaintiff presents is whether the EO violates the Citizenship Clause of the Fourteenth Amendment and Immigration and Nationality Act. ECF No. 24 at 5. But those issues have already been addressed by multiple courts and will be addressed by the Ninth Circuit in *Washington v. Trump*. *See Washington*, 2025 WL 415165, at *3-5 (determining that the plaintiffs in that case were "likely to succeed on their claim that the Order violates the Citizenship Clause of the Fourteenth Amendment (and, in turn, the [Immigration and Nationality Act]")). Thus, any further proceedings on Plaintiff's preliminary injunction motion prior to the resolution of the appeal in *Washington v. Trump* would be duplicative and wasteful of this Court's resources. While Plaintiff may argue that it brings a distinct separation of powers claim from other lawsuits, this issue: is not the central thrust of Plaintiff's challenge, *see* ECF No. 17 at 3-9 (devoting the majority of Plaintiff's merits arguments to this issue); does not alone merit duplicative proceedings; and has been opined on in passing by at least one other court addressing a challenge to the EO. *See Washington*, 2025 WL 415165, at *7 ("The President cannot change, limit, or qualify this Constitutional right via an executive order.").

That a stay is warranted here is amplified by the fact that other courts have stayed proceedings against the EO. Stays of proceedings were issued in *Washington v. Trump* and in the action in the Central District of California, *Thien Le v. Trump,* because of the existing nationwide preliminary injunction in *Washington v. Trump* and the government's appeal of that injunction. ECF No. 118, *Washington v. Trump*, C25-0127-JCC (W.D. Wash. Feb. 7, 2025); ECF No. 19, *Thien Le v. Trump*, 8:25-cv-00104-MEMF-ADS (C.D. Cal. Feb. 18, 2025). A stay would conserve judicial resources from resolving a question that the Ninth Circuit will address in June in *Washington v. Trump*, while, in the interim, an injunction issued in favor of the State of California makes it unnecessary for a County in California to obtain its own relief.

# CONCLUSION

For the foregoing reasons, the Court should stay proceedings here so long as the preliminary injunction in *New Jersey v. Trump* remains pending.

Dated: February 28, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Special Counsel

*/s/ Yuri S. Fuchs*
R. CHARLIE MERRITT
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 598-3869
yuri.s.fuchs@usdoj.gov

*Counsel for Defendants*

Response to Order to Show Cause
5:25-cv-00981-EKL

5