UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CLARA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 25-cv-00981-EKL<br><br>**ORDER STAYING PROCEEDINGS**<br>Re: Dkt. No. 33 |

On February 21, 2025, the Court ordered the parties to show cause why this case should not be stayed. ECF No. 33. Having reviewed and considered the parties' responses, ECF Nos. 34 and 35, the Court hereby STAYS this case pending developments in *Washington v. Trump*, No. 25-807 (9th Cir.) and *New Jersey v. Trump*, No. 25-1170 (1st Cir.).

A "district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In exercising its discretion to grant or deny a stay, the Court must balance competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law[.]" *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

In balancing these interests, the Court finds that Plaintiff County of Santa Clara (the

1  "County") will not be harmed by a stay. Executive Order No. 14160, which the County
2  challenges in this case, is already subject to four nationwide preliminary injunctions issued in the
3  Western District of Washington, the District of Maryland, and the District of Massachusetts.
4  Exec. Order No. 14160, Protecting the Meaning and Value of American Citizenship ("EO");
5  *Washington v. Trump*, No. 2:25-cv-00127-JCC, 2025 WL 415165 (W.D. Wash. Feb. 6, 2025);
6  *CASA, Inc. v. Trump*, 8:25-cv-00201-DLB, 2025 WL 408636 (D. Md. Feb. 5, 2025); *New Jersey
7  v. Trump*, No. 1:25-cv-10139-LTS (D. Mass. Feb. 13, 2025); *O. Doe v. Trump*, 1:25-cv-10135
8  (D. Mass. Feb. 13, 2025). Each injunction independently prevents Defendants from enforcing or
9  implementing the Executive Order against the County. Each of these injunctions remain in place
10 pending appeal. On February 19, 2025, the Ninth Circuit denied an emergency motion for a
11 partial stay of the injunction pending hearing on the merits of the appeal, which is scheduled for
12 June 2025. *Washington v. Trump*, No. 25-807, 2025 WL 553485, at *1 (9th Cir. Feb. 19, 2025).[1]
13 Accordingly, the County does not face any immediate harm that would result from a temporary
14 stay pending the appeal in *Washington*.
15     The County opposes a stay, arguing that because the *Washington* injunction does not
16 address two of the claims raised in its motion, the Ninth Circuit's disposition will not address all
17 of the issues implicated in its motion. Pl.'s Resp. at 2. Those two claims (involving the
18 Immigration and Nationality Act and constitutional separation of powers principles) are raised by
19 the State of California, among other plaintiffs, in *New Jersey v. Trump*. *See* No. 1:25-cv-10139-
20 LTS (D. Mass.), ECF Nos. 1, 5. In that case, the District of Massachusetts issued a nationwide
21 injunction of Executive Order 14160 on February 13, 2025. *Id.*, ECF Nos. 144, 145; *see also* ECF
22 No. 154 (notice of appeal). On March 11, 2025, the First Circuit denied the defendants' motion to
23 stay the injunction pending appeal. *New Jersey*, No. 25-1170, 2025 WL 759612, at *2 (1st Cir.
24 Mar. 11, 2025). Thus, the same claims the County has raised in this case are now pending before

---

[1] On February 28, 2025, the Fourth Circuit also denied a motion for a partial stay of the injunction issued in the District of Maryland. *CASA, Inc. v. Trump*, No. 25-1153, 2025 WL 654902 (4th Cir. Feb. 28, 2025). And on March 11, 2025, the First District denied a motion to stay an injunction issued in the District of Massachusetts. *New Jersey*, No. 25-1170, 2025 WL 759612 (1st Cir. Mar. 11, 2025).

the First Circuit, and the injunction issued in *New Jersey* will remain in place during the pendency of the appeal.

In balancing the remaining interests, the Court finds that although Defendant has not identified any hardship if required to proceed, judicial efficiency supports staying this action in light of the number of other pending actions, including *Washington*, *New Jersey*, and *CASA, Inc.*, where parties have asserted similar (or identical) claims and arguments, and courts have issued nationwide injunctions. Judicial efficiency further warrants a stay in this case given the recent rulings by the First, Fourth, and Ninth Circuits, denying motions to stay those injunctions pending appeal. *See New Jersey*, No. 25-1170, 2025 WL 759612 (1st Cir. Mar. 11, 2025) ("*New Jersey* appeal"); *CASA*, No. 25-1153, 2025 WL 654902 (4th Cir. Feb. 28, 2025); *Washington*, No. 25-807, 2025 WL 553485 (9th Cir. Feb. 19, 2025) ("*Washington* appeal").

The County urges the Court to proceed on the merits, arguing that a stay will prevent important issues from "percolating" and deprive the appellate courts of the benefits of additional viewpoints and perspectives. Pl.'s Resp. at 2-3. This point does not advance any of the interests the Court must consider in determining whether to stay this action, nor does it weigh against a stay. As discussed above, similar, if not identical, arguments are now before the First, Fourth, and Ninth Circuits, and those courts will have the opportunity to consider the issues raised by the County in this case.

The County also opposes a stay of indefinite duration. Pl.'s Resp. at 5. Although the timing of the Ninth Circuit's ruling on the merits in the *Washington* appeal or the First Circuit's decision in the *New Jersey* appeal is not precisely known, it is unlikely that the stay will be "lengthy." Pl.'s Resp. at 5. The Ninth Circuit has already set an expedited schedule for the *Washington* appeal – with argument scheduled for June 2025 – and the appeal presents an issue of great national interest.[2] *Cf. In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1084 (9th Cir. 2024)

---

[2] Other cases challenging the Executive Order have been stayed pending the Ninth Circuit's ruling on the merits of the *Washington* injunction. *See Washington v. Trump,* No. 2:25-cv-00127-JCC, ECF No. 118; *see also Thien Le v. Trump*, No. 8:25-cv-00104-MEMF-ADS (C.D. Cal. Feb. 14, 2025), ECF No. 19.

3

(vacating stay that had "already been in place for over 18 months" and was "likely to continue for a significant period"). Moreover, the Court will condition the stay on procedural protections, detailed below, that will prevent harm to the County associated with the stay. These procedural protections will address the County's concern and allow the preliminary injunction proceedings in this action to resume rapidly upon notice that the Executive Order may take effect in the Court's jurisdiction.

Accordingly, and finding good cause, the Court ORDERS that this case is STAYED. The stay will remain in effect pending developments in the *Washington* and *New Jersey* appeals.

IT IS FURTHER ORDERED that if the Ninth Circuit vacates the preliminary injunction in the *Washington* case, the stay will automatically expire. If the Ninth Circuit panel affirms the preliminary injunction, the parties shall provide a joint status update within 21 days of the Ninth Circuit's order. The status update shall address the timing of further appellate proceedings in the *Washington* case, including a petition for rehearing en banc or a petition for a writ of certiorari. The joint status update shall present the parties' positions regarding whether the stay should remain in effect pending further appellate proceedings.

IT IS FURTHER ORDERED that if the First Circuit vacates the preliminary injunction in the *New Jersey* case, the stay will automatically expire. If the First Circuit panel affirms the preliminary injunction, the parties shall provide a joint status update within 21 days of the First Circuit's order. The status update shall address the timing of further appellate proceedings in the *New Jersey* case, including a petition for rehearing en banc or a petition for a writ of certiorari. The joint status update shall present the parties' positions regarding whether the stay should remain in effect pending further appellate proceedings.

IT IS FURTHER ORDERED that the parties shall file a joint status report every 90 days, starting from the date of this Order, which shall include a summary of relevant developments in the cases proceeding on appeal in the First, Fourth, and Ninth Circuits;

IT IS FURTHER ORDERED that Defendants shall promptly file a notice with this Court within one day of any court order allowing Executive Order 14160 to take effect in this Court's jurisdiction; and

IT IS FURTHER ORDERED that, within three days of Defendants' filing of such notice, the parties shall meet and confer and file a joint proposal regarding any necessary supplemental briefing related to the motion for preliminary injunction, as well as briefing deadlines and proposed hearing dates for the motion.

**IT IS SO ORDERED.**

Dated: March 18, 2025

Eumi K. Lee
United States District Judge